St. Louis Southwestern Railway Company of Texas v.
S. W. Lovelady.

Decided June 3, 1904.

**1.—Carriage of Live Stock—Charge.**

Where the charge as a whole authorizes recovery of the value of animals which died from injuries received in their transportation only when such injuries were the direct result of the carrier's negligence, the failure to charge affirmatively on the carrier's defense that they died through inherent weakness is not available in the absence of requested instructions to that effect.

**2.—Same.**

Requested instructions held properly refused because presenting issues not involved and ignoring necessary issues which were involved.

Appeal from the District Court of Smith. Tried below before Hon. R. W. Simpson.

*E. B. Perkins* and *Marsh & McIlwaine,* for appellant.

*Johnson & Edwards,* for appellee.

PLEASANTS, Associate Justice.—Appellee brought this suit against the appellant to recover damages for injuries to live stock shipped by him over appellant's road.

The defendant answered by general and special demurrers and general denial, and by special plea in which it is averred that the horses and cattle alleged to have been injured were very thin and weak when received by appellant for shipment, and if they were injured in shipment as alleged by plaintiff such injury resulted from their weak condition and consequent inability to stand transportation.

The trial in the court below by a jury resulted in a verdict and judgment in favor of appellee in the sum of $750.

Appellant by its first assignment of error assails the following paragraph of the trial court's charge to the jury:

"In the event you find for plaintiff under the instructions given you, then the measure of plaintiff's damages will be as follows: For such horses or cattle as were injured, and which you find from the testimony died from and. as the direct result of such injuries, and for which you find defendant liable, under the rules of law herein given, the market value of same at the point of destination at the time of their arrival will be the measure of plaintiff's damages."

The objection urged to this instruction is that it fails to inform the jury that appellant would not be liable for such injuries to the stock as were proximately caused by their inherent weaknesss.

The paragraph of the charge above quoted does not purport to instruct the jury upon the issue of liability, but only informs them as to the measure of appellee's damage in event the jury should find the appellant liable for the injury to the stock under the rules of law given

them in other portions of the charge. The charge as a whole limits appellant's liability to injury to the stock which resulted directly from its negligence in handling them while being transported and in failing to transport them without unreasonable delay. While the jury are not affirmatively told that appellant would not be liable for injury resulting from the inherent weakness or vice of the stock, as before stated they are only authorized by the charge of the court to hold appellant liable for the injuries proximately caused by its negligence. If appellant desired an affirmative presentation of its defense of inherent weakness in the stock it should have requested a charge presenting such defense, and having failed to make such request it can not be heard to complain that this defense was not directly submitted to the jury. Railway Co. v. Gay, 86 Texas, 600; Klatt v. Street Ry. Co., 51 S. W. Rep., 1112.

The trial court did not err in refusing to give the jury special instruction number 2 requested by appellant. This instruction was properly refused because it did not present any issue raised by the pleading or the evidence, and if it had contained no erroneous statement of the law it would nevertheless have been inapplicable to any phase of the case. The appellee did not allege that the appellant was negligent in not transporting the stock upon a regular stock train, and it was therefore unnecessary to inform the jury that appellant's failure to transport the stock upon a train devoted exclusively to that purpose was not negligence. In addition to this objection the charge contained affirmative error in that it instructed the jury to find for the defendant if they believed that it used ordinary care to transport the stock with reasonable dispatch, thus ignoring the question of whether said stock were carefully handled by appellant during their transportation, when the failure to use ordinary care in this respect was one of the acts of negligence alleged in the petition and shown by the evidence adduced by the appellee.

The third assignment predicates error upon the refusal of the trial court to give special instruction number 3 requested by appellant. This instruction was as follows:

"You are, at the instance of defendant, charged that if you believe from the evidence that the injuries, if any suffered by the horses, resulted solely from their having been kept upon the cars for more than twenty-eight hours, then it will be your duty to return a verdict for defendant in this case; there being no evidence that the plaintiff's agent, Renfro, requested that the horses should be, during the time they were kept on the cars, unloaded for the purpose of being rested, watered or fed."

The failure to feed or water the stock in transit or to take them from the cars to rest them was not alleged in the petition as a cause of their injury, and there is no evidence tending to show that such failure contributed to their injury. Upon this state of pleading and evidence the trial court properly refused the requested instruction above set out.

The evidence is conflicting as to the value of the stock that died as

a result of the injuries received during their transportation and as to the extent of the depreciation in the value of those that were injured, but did not die, as a result of their injuries. There is, however, sufficient evidence to support the verdict of the jury for the amount found by them, and appellant's fourth assignment, which assails the verdict on the ground that it is excessive, can not be sustained.

We are of opinion that the judgment of the court below should be affirmed and it is so ordered.

*Affirmed.*

Writ of error refused.